**Case No. 21-50462**
**In the United States Court of Appeals**
**for the Fifth Circuit**

**UNITED STATES OF AMERICA,**
**Plaintiff – Appellee**

v.

**ANGELINA LEATHERWOOD,**
**Defendant - Appellant**.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

**BRIEF OF DEFENDANT-APPELLANT**

ALLEN R. STRODER
STATE BAR NO.: 19407500
6010 HWY. 191, SUITE 230
ODESSA, TX 79762
(432) 368-4446
(432) 368-4287 (FAX)
Attorney for Defendant-Appellant

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.     The Honorable David Counts, United States District Judge

2.     Angelina Leatherwood, Defendant-Appellant

3.     United States of America, Plaintiff -Appellee

4.     Allen R. Stroder counsel for Defendant-Appellant Angelina Leatherwood

5.     Counsel for Plaintiff–Appellee:

United States Attorney Ashley C. Hoff;  Assistant United States Attorneys James Glenn Harwood; and Assistant United States Attorney Joseph Gay

/s/ Allen R. Stroder
ALLEN R. STRODER
*Attorney for Defendant-Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

Due this being an *Anders* brief, Counsel does not believe oral argument is necessary at this time.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ............................................ ii

STATEMENT REGARDING ORAL ARGUMENT ................................... iii

TABLE OF CONTENTS ............................................................... iv

TABLE OF AUTHORITIES........................................................... iv

STATEMENT OF JURISDICTION ............................................... 1

STATEMENT OF THE ISSUES

Court Appointed Counsel for Defendant Has Studied the Transcript of the
Plea and Sentencing and Finds That There Are No Non-Frivolous Grounds
for Appeal ......................................................................... 1

PREFACE............................................................................ 1

STATEMENT OF THE CASE ..................................................... 1

SUMMARY OF THE ARGUMENT ............................................. 8

ARGUMENT AND AUTHORITIES .......................................... 9

    Untimely Notice of Appeal ................................................ 10

    Waiver of Right to Appeal ................................................ 10

    Sentence Imposed........................................................... 13

CONCLUSION ..................................................................... 14

iv

CERTIFICATE OF CONFERENCE ............................................................ 14

CERTIFICATE OF SERVICE .................................................................... 15

CERTIFICATE OF COMPLIANCE............................................................ 15

# TABLE OF AUTHORITIES

Page

**Cases**

*Anders v. California*,  386 U.S. 738 (1967)............................................. 1, 10

*United States v. Burns*, 433 F.3d 442, 445 (5th Cir.2005) ......................... 11

*Gall v. United States*, 552 U.S. 38 (2007) .............................................. 13, 14

*United States v. Aderholt,* 87 F.3d 740 (5th Cir.1996) ................................ 12

*United States v. Hildenbrand*, 527 F.3d 466 (5th Cir. 2008) ...................... 12

*United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir.2000), certiorari
denied 532 U.S. 986, 121 S.Ct. 1634 (2001)................................................ 13

*United States v. Martinez*, 496 F.3d 387 (5th Cir.2007) ........... ..................11

*United States v. Sealed Appellant*, 304 F. App'x 282 (5th Cir. 2008) .......... 11

*United States v. Phillips,* 141 F. App'x 248 (5th Cir. 2005)........................ 12

*United States v. Portillo*, 18 F.3d 290 (5th Cir.), cert. denied, 115 S.Ct. 244
(1994) ) ....................................... ...................................................................11

*United States v. Price,* 95 F.3d 364, 367 (5th Cir.1996) ............................ 12

*United States v. Roberts,* 624 F.3d 241 (5th Cir.2010) ................................ 10

**Statutes**

18 U.S.C. sec. 2 ............................................................................................. 2

18 U.S.C. sec. 3231 ....................................................................................... 1

18 U.S.C.  Sec.3742(a) ................................................................... 1

18 U.S.C. § 3553 .................................................................... 4, 14

21 U.S.C sec.841(a)(1), (b) (1) (A) ............................................. 2

21 U.S.C. sec. 846 ....................................................................... 2

28 U.S.C. 1291 ............................................................................ 1

**Rules**

Federal Rule of Appellate Procedure 4(b)(1)(A)................................ 1, 10, 11

Federal Rule of Appellate Procedure 4(b)(4) ............................... 10

Federal Rule Criminal Procedure 11 ............................................. 9

Federal Rule of Criminal Procedure 32........................................ 9

Federal Rule of Appellate Procedure 32....................................... 15

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under Section 1291, Title 28, and Section

3742, Title 18 United States Code, as an appeal from a final judgment of

conviction and sentence in the United States District Court for the Western District

of Texas Midland\Odessa Division. An untimely notice of appeal under Rule

4(b)(1)(A) was filed on May 25, 2021.

## ISSUE PRESENTED FOR REVIEW

COURT APPOINTED COUNSEL FOR DEFENDANT HAS STUDIED THE

TRANSCRIPT OF THE PLEA AND SENTENCING AND FINDS THAT

THERE ARE NO NON-FRIVOLOUS GROUNDS FOR APPEAL

## PREFACE

   Counsel submits this brief in accordance with *Anders v. California,* 386 U.S.

738 (1967). After carefully examining the record on appeal and researching the

relevant law, counsel has been unable to identify any legally non-frivolous

question for appeal. Because this is an appeal of the plea and the sentencing,

counsel has reviewed the proceedings regarding the plea and sentencing.

Regarding the sentence, counsel has thoroughly scrutinized the relevant portions of

the record, including the transcripts of the sentencing hearings and the Pre-

sentence Investigation Report, for any arguable violation of the U.S. Constitution,

the applicable federal statutes, the Federal Rules of Criminal Procedure, or the U.S.

Sentencing Guidelines. Counsel has found no non-frivolous issues presented as to

Appellant's plea and sentence, and counsel therefore requests leave to withdraw.

## STATEMENT OF THE CASE

**1.  Nature of the Case.**

Angelina Leatherwood  was charged in a one count information with conspiracy

to possess with intent to distribute and distribute 50 grams or more of actual

methamphetamine in violation of Title 21 U.S.C sec. 841(a)(1), (b) (1) (A) and 21

U.S.C. sec. 846. (R. 29)

**2.  Course of Proceedings and Disposition in the Court Below.**

After consenting to proceeding by information,  Defendant pled guilty to

count 1 of the information pursuant to a plea agreement. (ROA. 29, 30, 64, 81-97)

At the plea hearing, the Defendant was placed under oath.  Before accepting

Appellant's  plea of guilty, the court addressed the defendant personally in open

court and determined that Defendant understood her constitutional and statutory

rights she waived, the nature of the charge and penalties , and that the plea was

freely, knowingly  and voluntarily made. voluntary and did not result from force,

threats, or promises (other than promises in a plea agreement).  (ROA. 62, 55-56,

64-65).  Appellant's answer confirmed that the plea was voluntary and free of

coercion. (ROA. 62). The Court, in the plea hearing, advised and questioned the defendant regarding her plea as per the requirements under Federal Rule Criminal Procedure 11 (ROA. 57-64). The Court admonished Defendant that she would be facing a minimum sentence of 10 years. (ROA. 59).

During this address, the court informed the Defendant of, and determined that the Defendant understood, the following:

(1) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(2) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(3) the right to a jury trial;

(4) the right to be represented by counsel, and if necessary to have the court appoint counsel at trial and at every other stage of the proceeding;

(5) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(6) the defendant's waiver of these trial rights if the court accepts a plea of guilty;

(7) the nature of each charge to which the defendant is pleading;

(8) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(9) any mandatory minimum penalty;

(10) any applicable forfeiture;

(11) the court's authority to order restitution;

(12) the court's obligation to impose a special assessment;

(13) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)**;**

**(**14) The consequences and effect of pleading guilty on defendant's immigration status if defendant was not a United States citizen

(15) the terms of the plea agreement provision waiving the right to appeal or to collaterally attack the sentence.

(R. 57-64).

The terms of the waiver of appeal in the plea agreement were referred to at the plea hearing. (R.59. The Magistrate specifically questioned Appellant about the waiver of appeal provision, and Appellant stated that she understood it.  (R. 61).

The record reflects that Appellant's waivers, including the waiver of his right to appeal the conviction and sentence were knowing and voluntary made.  (R. 65).

The Government provided a factual basis for the plea, to which the Defendant agreed. (R. 63-64, 83-84).

Under the plea agreement the government agreed to file no further charges relating to the transaction, and not to oppose Defendant receiving the maximum applicable downward adjustment for acceptance of responsibility under guidelines section 3El, subject to the usual disqualifying reservations. 3E1.1, (ROA. 81, 87). The government complied with these obligations. (ROA. 138).

The government also agreed in an addendum to the plea agreement that "[I]n the event Defendant fully complies with this Addendum to the Plea Agreement and provides "substantial assistance" to the Government, the United States agrees to consider filing a motion for sentence reduction under sentencing guidelines section 5Kl.l, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35." (ROA. 93).This undertaking was followed by the caveat that it was within the Government's sole discretion to determine (a) whether Defendant has provided substantial assistance under the terms of this agreement; (b) whether to file a motion for downward departure or sentence reduction; and (c) the extent of any departure or reduction to recommend to the Court.Defendant understands that the Defendant's duty to

cooperate shall begin prior to the Defendant's sentencing and may extend after the Defendant's sentencing. (ROA. 93)

Defendant filed three objections to the initial presentence investigation report regarding the amount of contraband for which Defendant was accountable at 5.44 kilograms; the firearm enhancement; and the importation enhancement. (ROA.116). The PSIR was amended to reflect a reduction in the amount attributable to Defendant as 2.72 kilograms.(ROA.116).

At the sentencing hearing, the trial court overruled Defendant's objections accepted the amended PSIR and assessed a term of imprisonment of 295 months with 5 years supervised release. (ROA. 40, 78). Specifically, the district court:

(1) Disclosed and verified that Counsel and Defendant reviewed the Presentence Investigation Report and inquired as to objections and comments. (ROA. 70-73);

(2) Made factual findings and overruled Defendant's objections. (ROA. 73);

(3) Reviewed and adopted the PSIR calculations as to the offense level and criminal history and recited the advisory guideline range. (ROA. 74-75, 78, 124-132).

(4) Assessed term of imprisonment of 295 months with 5 years supervised release which is within the statutory minimum of 10 years to life imprisonment and 5 years supervised release. (ROA. 78).

6

(5) Advised the defendant of any right to appeal the sentence right to ask for appeal
in forma pauperis. (ROA. 74-75).

A written Judgment was entered on November 4, 2020, which was not in
conflict with the oral pronouncements. (R. 39, 78). Appellant filed a pro se notice
of appeal on May 25,2021. (R. 45-46).

## 3. Statement of Facts.

The agreed factual basis supporting Defendant's guilty plea provided:
"1. In the month of February, the Odessa Police Department Narcotics Unit
received information that a group of subjects identified as LEATHERWOOD,
HUNT, and LERMA were involved in the distribution of methamphetamine.
2. On February 22, 2020, the Odessa Police Department executed a state search
warrant at 320 Geneva that was signed by District Court Judge Whalen. Before
the execution of the search warrant, a Black Ford Fusion was observed leaving
from the residence, which was occupied by LEATHERWOOD. A traffic stop
was conducted and LEATHERWOOD was found to be in possession of 199
grams of methamphetamine. In the trunk of the car, Detectives also located a
Beretta .25 caliber semi-auto pistol.
3. Upon the execution of the search warrant, HUNT was detained in the 300
block of Geneva. Both HUNT and LEATHERWOOD were interviewed and
under *Miranda,* admitted to possessing and distributing methamphetamine in

Ector County. LEATHERWOOD further admitted to distributing half to one

(1) pound of methamphetamine every week for the past three months. HUNT

also admitted to distributing the methamphetamine for LEATHERWOOD in

increments of quarter ounce to ounces.

4. A search with consent of LEATHERWOOD's phone was conducted and text

messages were observed between LERMA and LEATHERWOOD speaking of

narcotic sales. Furthermore, LERMA was observed sending LEATHERWOOD

the address and Hotel room where LERMA was located.

5. On the same date, Detectives responded to the hotel in attempt to locate

LERMA, who had four active warrants for his arrest. Detectives knocked on

the door in an undercover capacity and made contact with LERMA, who

possessed a Glock 22 .40 caliber pistol in his right hand

6. Upon detaining LERMA, Detectives located approximately 123 grams of

methamphetamine in the hotel room. LERMA was interviewed and under

*Miranda* admitted to possessing and distributing the methamphetamine."

(ROA. 83-84).

## SUMMARY OF THE ARGUMENT

The pro se notice of appeal filed 202 days after judgment was untimely.

Defendant also waived her right to appeal. There are no non-frivolous grounds to

overcome the waiver. The government did not breach any obligations under the

plea agreement to invalidate the waiver and there was a factual basis to support the elements of the indictment. The government has notified the undersigned counsel that it intends to enforce the Defendant's waiver of right to appeal and move to dismiss the appeal due to the untimely notice of appeal.

Furthermore, the record indicates that  the court below complied with Federal Rule Criminal Procedure 11 in accepting the guilty plea and complied Federal Rule Criminal Procedure 32 in conducting the sentencing hearing. The record does not support any grounds that the trial court abused its discretion in the imposing the sentence.

## ARGUMENT AND AUTHORITIES

When Appellate Counsel finds a case to be wholly frivolous after a thorough examination, Counsel should advise the court and request permission to withdraw.  If counsel is appointed, though, the request must be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders v. California*, 386 U.S. 738, 744 (1967).  This means that appellate counsel must file a professional evaluation of the record demonstrating why there are no arguable issues.  This evaluation requires citing to anything in the record that might arguably support the appeal, citing legal authorities, and citing to evidence introduced at trial that might be of significance.

9

**Untimely Notice of Appeal**

The Defendant did not file a timely notice of appeal within the fourteen-day statutory period provided in Federal Rule of Appellate Procedure 4(b)(1)(A), or a motion to extend the time to file a notice of appeal within the 30 days set forth in Federal Rule of Appellate Procedure 4(b)(4). *See* FED.R.APP.P. 4(b). 202  days lapsed between the entry of the judgment and the filing of Defendant's notice of appeal, outside both statutory periods.

Rule 4(b)(1)(A)'s time limit is mandatory, but not jurisdictional, and therefor can be waived by the government. *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir.2007).  The government has not yet filed a motion to dismiss the appeal but has assured the undersigned that it will do so. There is no waiver of its objection to the timeliness of an appeal by raising it for the first time in its brief on the merits. *United States v. Sealed Appellant*, 304 F. App'x 282, 284 (5th Cir. 2008).

**Waiver of Right to Appeal**

The validity of an appeal waiver is reviewed de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir.2005).

As pointed out above, the Defendant waived the right to appeal her conviction and sentence. To be valid, a defendant's waiver of his right to appeal must be

10

informed and voluntary. *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir.), cert. denied, 115 S.Ct. 244 (1994). A review of the record discloses no basis to conclude that the waiver was anything other than informed and voluntary.

Further, there is no basis in the record that the Government breached its obligations so as to invalidate the waiver. The defendant bears the burden of establishing a breach *United States v. Price,* 95 F.3d 364, 367 (5th Cir.1996). Where the government retains the "sole discretion" to determine whether to file a motion for a downward departure on Defendant's behalf, its decision is reviewable only to determine whether the Government acted pursuant to an unconstitutional motive. *United States v. Phillips,* 141 F. App'x 248, 249–50 (5th Cir. 2005); *United States v. Aderholt,* 87 F.3d 740, 741-42 (5th Cir.1996). This is true even in the absence of any government effort, as here, to debrief Defendant. *United States v. Price,* 95 F.3d at 369. The record discloses no unconstitutional motive.

There must also be a sufficient factual basis to support the indictment for a valid waiver of appeal. *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008).

> When determining whether there is a factual basis for a guilty plea, inferences may be "fairly drawn" from the evidence adduced after the acceptance of a guilty plea but before or at sentencing. *United States v. Dyer,* 136 F.3d 417, 425 n. 13 (5th Cir.1998). "If sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Adams,* 961 F.2d at 509; *United States v. Bachynsky,* 949 F.2d 722, 730 (5th Cir.1991) (record read in

11

pari materia with indictment established that a factual basis
existed); *cf. United States v. Boatright,* 588 F.2d 471, 475–76 (5th
Cir.1979) (indictment not adequate when defendant was charged with
conspiracy and indictment failed to allege facts tying defendant to the
same). The PSR may also be considered in determining whether there
was a sufficient factual basis to support a defendant's guilty plea so
long as the court indicates on the record that it relies on the
PSR. *See Adams,* 961 F.2d at 509, n. 3.

*Id.* at 475.

As shown above, Angelina Leatherwood  was charged in a one count

information with conspiracy to possess with intent to distribute and distribute 50

grams or more of actual methamphetamine. Defendant acknowledged and pled

guilty to conspiring to possess with intent to distribute and distribute 50 grams or

more of actual methamphetamine pursuant to a plea agreement (ROA. 63-64, 81.

The factual basis contains admissions that  Leatherwood was found in possession

of 199 grams of methamphetamine, and that she distributed one-half to one (1)

pound of methamphetamine every week for the past three months in Ector

County Texas.  She also confirmed that alleged co-conspirator Hunt's

admission that he distributed for her in increments of quarter ounce to ounces

was accurate. There are  further admissions concerning  text messages between

another alleged co-conspirator Lerma and her  referencing narcotic sales. (ROA.

83-84). The Presentence Investigation Report referenced lab analysis of over

200 grams of actual methamphetamine recovered. (ROA. 139). There is a

sufficient factual basis for a valid waiver of appeal

**Sentence Imposed**

A district court's findings of fact at sentencing are reviewed under the clearly

erroneous standard. *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir.2000),

certiorari denied 532 U.S. 986, 121 S.Ct. 1634 (2001).    A sentence is reviewed to

"ensure that the district court committed no procedural error ..." and to "consider

the substantive reasonableness of the sentence under an abuse-of-discretion

standard." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445

(2007).

The undersigned can find no grounds to attack the sentence imposed. As

shown above, the trial court conducted a hearing and made findings on the amount

of methamphetamine attributable to the Defendant and the firearm enhancement.

While the Defendant and her counsel disagreed, there is no basis to assert that the

court's findings were clearly erroneous.

There is no indication that the trial court committed any procedural error or

that the sentence imposed was unreasonable under the under an abuse-of-discretion

standard. The record discloses no abuse of discretion procedurally in calculating

the guideline range, by treating the Guidelines as mandatory, failing to consider

the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or

13

failing to adequately explain the chosen sentence. (ROA. 73-74, 78). *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Nor is there any indication in the record that the sentence within the guideline range was an abuse of discretion as substantively unreasonable. (ROA. 73-74, 78). *Id.*

## CONCLUSION

Counsel finds that there are no non-frivolous grounds for appeal. Counsel therefore requests that his request to withdraw be granted. Counsel submits that a copy of the Clerk's Record and hearing transcripts should be made available to the Defendant so that she might file any pro se actions he might feel appropriate under the circumstances**.**

Respectfully submitted,

___/s/ Allen R. Stroder____
Allen R. Stroder
6010 Highway 191, Ste.  230
Odessa, TX 79762
(432) 368-4446
(432) 368-4287 FAX
STATE BAR NO.: 19407500

## CERTIFICATE OF CONFERENCE

On September 20, 2021, I contacted the Appellate Division of the U.S. Attorney's office in San Antonio.  I was informed that the U.S. Attorney's Office

14

position is to enforce the waiver provisions of the Plea Agreement and to seek

dismissal because of the untimely notice of appeal.

/s/ Allen R. Stroder
ALLEN R. STRODER

## CERTIFICATE OF SERVICE

I, ALLEN R. STRODER, hereby certify that on the 27th day of September

2021, I electronically filed Appellant's Brief on the merits with the Clerk of Court

using the CM /ECF system which will send notification of such filing to the

following:

Mr. Joseph H. Gay
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216.

I have also sent a copy of the foregoing brief via United States mail, postage
prepaid, to:

Defendant/Appellant
Angelina Leatherwood 46832-480
FCI Aliceville
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL  35442

/s/ Allen R. Stroder
ALLEN R. STRODER

## CERTIFICATE OF COMPLIANCE

15

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) 2829 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type scale requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word 2010 software in Times New Roman 14-point font in text.

3.    This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

/s/ Allen R. Stroder
ALLEN R. STRODER
